FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 12 2022 ★

BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Leticia *et al.*

    Plaintiffs,

v.

The United States of America,

    Defendant.

Case No. _____

CV 22-7527

GARAUFIS, J.

LEVY, M.J.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPORT OF
MOTION TO PROCEED PSEUDONYMOUSLY**

## INTRODUCTION

Plaintiffs are asylum seekers who fled violence in their home countries, then endured exceptional trauma while in government detention. They seek to litigate this matter under the pseudonyms of "Leticia" and "Yovany." Plaintiffs seek only to protect their identities from public disclosure—they will provide Defendant and the Court with their names and other identifying information in whatever manner the Court directs. Plaintiffs seek only to prevent members of the general public, including the persecutors from whom the government has already granted Yovany asylum, from connecting the facts in this litigation to their true identities.

Plaintiffs satisfy the Second Circuit's standard for proceeding pseudonymously, and courts have frequently permitted asylum-seeker plaintiffs to litigate under a pseudonym, including in all other cases bringing actions under Federal Tort Claims Act for the federal government's prior practice of forcibly separating asylum-seeking families in which such relief has been requested.[1]

---

[1] *See* Order Granting Motion to Proceed Under Pseudonyms and for a Protective Order, *C.M. v. United States*, No. 2:19-cv-05217-SRB (D. Ariz. Sept. 23, 2019), ECF No. 7; Order, *A.I.I.L. v. Sessions*, No. CV-19-00481-TUC-JAS (D. Ariz. Dec. 18, 2019), ECF No. 22; Order, *A.P.F. v. United States*, No. CV-20-00065-PHX-SRB (D. Ariz. Apr. 16, 2020), ECF No. 27; Order Granting Pls.' Mot. to Proceed Under Pseudonyms and for Protective Order, *E.L.A. v. United States*, No. 2:20-cv-1524 (W.D. Wash. Apr. 21, 2021), ECF No. 24; Order, *E.S.M. v. United States*, No. CV-21-00029-TUC-JAS (D. Ariz. Jan. 26, 2021), ECF No. 7; Order, *C.D.A. v. United States*, No. 5:21-cv-00469 (E.D. Pa. Mar. 25, 2021), ECF No. 12; Order, *B.A.D.J. v. United States*, No. CV-21-00215-PHX-SMB (D. Ariz. Apr. 27, 2021), ECF No. 24; Order, *F.R. v. United States*, No. CV-21-00339-PHX-DLR (D. Ariz. Mar. 3, 2021), ECF No. 10; Order, *C.M. v. United States*, No. SA-21-CV-00234-JKP (W.D. Tex. Mar. 31, 2021), ECF No. 9; Minute Order, *A.F.P. v. United States*, No. 1:21-cv-00780-DAD-EPG (E.D. Cal. Mar. 4, 2022), ECF No. 20; Order Granting Pls.' Admin. Mot. to Proceed Under Pseudonyms, *P.G. v. United States*, No. 3:21-cv-4457 (N.D. Cal. Jun. 17, 2021), ECF No. 12; Order, *J.P. v. United States*, CV-22-00683-PHX-MTL (D. Ariz. Jul. 11, 2022), ECF No. 18; Order, *E.C.B. v. United States*, CV 22-00915 PHX CDB (D. Ariz. May 31, 2022), ECF No. 6; Order, *M.S.E. v. United States*, CV-22-01242-PHX-SMM (D. Ariz. Sept. 19, 2022), ECF No. 14.

## LEGAL STANDARD

The Second Circuit has established a non-exhaustive ten-factor standard to balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). These factors include:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (citations, quotation marks, omissions and substitutions omitted).

## ARGUMENT

Plaintiffs satisfy the *Sealed Plaintiff* standard.

### I. This litigation involves matters that are highly sensitive and of a personal nature.

Asylum seekers' weighty interest in anonymity is widely recognized. Federal regulations prohibit the disclosure of records indicating that a noncitizen has applied for asylum. *See* 8 C.F.R. §§ 208.6(b), 1208.6(b). The Federal Rules of Civil Procedure restrict access to information in all immigration cases because "sensitive information" is "prevalent[t]" in such matters. Fed. R. Civ. P. 5.2 & cmt. C. Courts have regularly permitted asylum seekers to proceed anonymously to

2

Case 1:22-cv-07527-NGG-RML   Document 2-1   Filed 12/12/22   Page 4 of 10 PageID #: 40

protect their identities from disclosure to potential persecutors. *See, e.g., Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007); *Doe v. INS*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *A.B.T. v. U.S. Citizenship and Immigr. Servs.*, No. 2:11-cv-02108 RAJ, 2012 WL 2995064 (W.D. Wash. July 20, 2012).

Plaintiffs applied for asylum. USCIS granted Yovany's asylum application, but Yovany does not yet have permanent status in the United States. Compl., ECF No. 1, ¶ 2; *cf.* 8 U.S.C. § 1158(c)(2) ("Asylum . . . does not convey a right to remain permanently in the United States.") Leticia's asylum application remains pending. Compl. ¶ 2. Both Plaintiffs face the risk of removal from the United States and persecution in Guatemala. Thus, Plaintiffs' immigration status and asylum claims–sensitive and protected information–fall squarely within the first *Sealed Plaintiff* factor.

Moreover, the claims here involve Plaintiffs' physical and mental health, which. "is of the highest personal and sensitive nature." *P.D. v. Neifeld*, No. 21-CV-6787-CBA-SJB, 2022 WL 818895, at *2 (E.D.N.Y. Mar. 1, 2022); *see also Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 549 (D.N.J. July 14, 2006) (listing cases where courts allowed plaintiffs to proceed with a pseudonym while litigating issues related to their mental health). While forcibly separated from her son, Leticia experienced facial paralysis, profound depression, and a reduced ability to complete daily tasks. Compl. ¶¶ 43–45, 47. Yovany also experienced emotional distress while detained and separated from his mother. *Id.* ¶¶ 63–66. Leticia and Yovany still suffer severe emotional pain from the forced separation. *Id.* ¶¶ 84–85. Thus, because the facts involved in this litigation relate to Plaintiffs' immigration cases, in addition to their personal trauma, are personal and highly sensitive, the first *Sealed Plaintiff* factor weighs in plaintiff's favor. *See Gonzales*, 484 F.3d at 446; *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020).

## II. Identification poses a risk of retaliatory harm to Plaintiffs.

Courts frequently "conceal[] parties' identities in order to protect them from retaliation by third parties." *See, e.g., Does I through XXIII v. Advanced Textile Corp*, 214 F.3d 1058, 1071 (9th Cir. 2000). Asylum seekers face a heightened risk of retaliatory harm if third-party perpetrators learned of their true identities. *See Gonzales*, 484 F.3d at 446; *M.M.V. v. Barr*, No. 19-cv-2773, 2019 WL 10890338, at *2 (D.D.C. Sept. 26, 2019) (granting motion to proceed under pseudonym, in part because plaintiff asylum seekers "fear retaliation and persecution, as well as further violence, if their names are disclosed").

Both Plaintiffs fled deaths threats from armed gang members in Guatemala. Compl. ¶¶ 2, 80–83. USCIS granted Yovany's asylum application, *id.* ¶ 81, confirming that he has well-founded fear of persecution in Guatemala. *See Doe v. United States Dept of Homeland Security*, No. C21-1274 RSM, 2021 WL 6138844, at *2 (W.D. Wash. Nov. 18, 2021) (emphasizing plaintiffs' asylum grant bolstered allegations in her asylum claim and weighed in favor of motion to proceed under the name Jane Doe). Leticia's asylum application remains under consideration, and if she is removed, she, too, faces perecution. Compl ¶ 2. Thus, the second *Sealed Plaintiff* factor also weighs in Plaintiffs' favor. *See Advanced Textile Corp.*, 214 F.3d at 1071 (emphasizing plaintiffs' risk deportation, increased debt, arrest, and prison time if they disclose their identities); *Gonzales*, 484 F.3d at 446 (permitting plaintiff "to litigate his claim pseudonymously because of fear that if he is returned to El Salvador he will be killed").

## III. Disclosure of Plaintiffs' identities undermines their effort to find safety and refuge via their applications for asylum.

USCIS has noted the risk posed by disclosure of asylum seekers' identities. *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) ("[C]onfidentiality regulations are of utmost importance in protecting asylum applicants because the 'regulations safeguard information that, if

4

disclosed publicly, could subject the claimant to retaliatory measures.'" (quoting USCIS, U.S. Dep't of Homeland Sec., *Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* (2005))). The federal regulations do not include a time limit on the confidentiality of asylum seekers' information. *See* 8 C.F.R. §§ 208.6(b), 1208.6(b).

Since seeking safety in the United States over five years ago, Plaintiffs' have exerted considerable effort to pursue their asylum cases and protect their true identities. To date, Plaintiffs' have only used pseudonyms in public.[2] Disclosure of Plaintiff's identities stemming from this litigation will undermine Plaintiffs' years-long effort to seek safety and retain anonymity. *See id.* (proceeding in *Mrs. L* lawsuit under the initials B.L.S.P.). An effort courts recognize. *See Doe v. Barr*, 479 F. Supp. 3d at 26 (emphasizing Doe previously proceeded under pseudonym in the litigation at issue, as well as in earlier, related litigation as a factor in favor of Doe's motion to proceed pseudonymously).

### IV. Plaintiffs are particularly vulnerable to the harms of disclosure, especially Yovany, who was a minor during the events described in the complaint.

Courts frequently conceal minors' identities during litigation. *See, e.g.*, *Doe v. Stegall*, 653, F.2d 180, 186 (5th Cir. 1981). The Federal Rules of Civil Procedure also protect information about minors. Fed. R. Civ. P. 5.2(a) (requiring the filing to "include only ... the minor's initials"). Where a child could be identified by her parent's name, courts have given leave for parents to proceed with a pseudonym. *See M.M.V.*, 2019 WL 10890338, at *2. The government forcibly separated

---

[2] *See, e.g.*, Catherine Rampell, *Families Like This One Were Torn Apart at the Border. The U.S. Still Hasn't Made Things Right.*, Wash. Post (Nov. 23, 2020), https://www.washingtonpost.com/graphics/2020/opinions/separated-families-border-us-immigration-trump-biden/ (recounting Leticia and Yovany's forced separation); Caitlin Dickerson, *Three Years After Family Separation, Her Son Is Back. But Her Life Is Not.*, N.Y. Times, https://www.nytimes.com/2020/12/07/us/family-separation-complications.html (last updated Feb. 1, 2021) (same).

Yovany from his mother when he was fifteen years old. Compl. ¶ 12. The facts here center on his mental health as a minor and in the present. *Id.* ¶ 7. His asylum case revolves around threats he survived while still a minor in Guatemala. *Id.* ¶ 80. Because this litigation involves sensitive, private facts that occurred when Yovany was underage and continue to put him at risk of increased retaliation, Yovany is particularly vulnerable to the harms stemming from disclosure. *See M.M.V.*, 2019 WL 10890338, at *2.

V.     **Plaintiffs are suing the government, which has diminished reputational interests.**

"Where plaintiff attacks a government activity, for example a government policy or statute, the plaintiff's interest in proceeding anonymously is strong." *Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 274 (E.D.N.Y. 2015) (quoting *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003))). Where plaintiffs sue the government, the government's reputational interest is low. *See id.* ("[T]he government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary defendant." (quoting *EW*, 213 F.R.D. at 111) (internal quotation marks omitted)). Plaintiffs here sue the United States, not a named defendant. Thus, the plaintiffs' interest in using a pseudonym remains high. *See id.*; *M.M.V.*, 2019 WL 10890338, at *3 ("allowing the plaintiffs to proceed under pseudonyms will have no impact on any private rights, as the only defendants are government agencies and officers").

VI.    **Defendant is not prejudiced by permitting Plaintiffs to proceed pseudonymously.**

Plaintiffs' identities are known to Defendant, posing "little risk of unfairness to the opposing party." *See M.M.V.*, 2019 WL 10890338, at *3 (internal quotation marks and citation omitted). Plaintiffs will provide additional information as needed to the Court and to Defendant, diminishing any prejudice. *See Roe v. Aware Woman's Center for Choice, Inc.* 253 F.3d 678, 687

(11th Cir. 2001) (upholding agreements to grant plaintiffs leave to proceed publicly under pseudonym while allowing Defendant to access additional information, as needed, during discovery). Because Plaintiffs here seek only to use a pseudonym in public court filings, the government is not prejudiced by Plaintiffs' use of pseudonyms. *See id.*

### VII. Plaintiffs' identities have so far been kept confidential.

Courts consider plaintiffs' efforts to remain anonymous. *See Doe v. Barr*, 479 F. Supp. 3d at 26; *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying motion in part because press knew her name and therefore "her identity is not unknown"). Plaintiffs have solely used pseudonyms in interviews with the press. *See supra* note 2. Plaintiffs also proceeded under initials in the related *Ms. L* litigation. *Ms.* L, 403 F. Supp. 3d at 862-63. Thus, Plaintiffs' previous anonymity weighs in favor of Plaintiffs' use of pseudonym in the instant case. *See Doe v. Barr*, 479 F. Supp. 3d at 26.

### VIII. The public's interest in the litigation would be harmed by requiring Plaintiffs to disclose their identities.

While the public maintains interest in the identities of litigants, *see* Fed. R. Civ. P. 10(a), the public interest weighs strongly in a plaintiff's favor, where a plaintiff challenges government policies or statutes. *See Advanced Textile Corp.*, 214 F.3d at 1073; *County of Suffolk*, 138 F. Supp. 3d 264, 274 (E.D.N.Y. 2015) (noting "challenge to government policy ordinarily implicates a public interest") (internal citation and quotation marks omitted)). In addition, the public has an interest in ensuring Plaintiffs vulnerable to retaliation from third parties will not be deterred from bringing suits to challenge unlawful policies. *See Advanced Textile Corp.*, 214 F.3d at 1073.

If asylum-seekers such a Plaintiffs cannot ensure their safety through pursuing their claims against the government pseudonymously, other asylum-seekers who have suffered legal wrongs will be dissuaded from bringing similar suits to enforce their rights. Under the circumstances of

7

this case, the public's interest is better served by encouraging people who have been unlawfully harmed by the government to come forward with their claims than it is by requiring full disclosure of Plaintiffs' identities. *See Advanced Textile Corp.*, 214 F.3d at 1073; *M.M.V.*, 2019 WL 10890338, at *2 ("The public's interest in the litigants' identities is de minimis compared to the significant privacy interests of the plaintiffs, asylum seekers who fear retaliation and persecution").

IX. **There are no alternative mechanisms for protecting Plaintiffs' confidentiality.**

Some plaintiffs can exercise other avenues for relief if their identities are revealed. *See Advanced Textile Corp.*, 214 F.3d at 1070 (listing *post hoc* remedies under Fair Labor Standards Act to protect plaintiffs from retaliation by their employers). However, no such *post hoc* remedies exist to protect Plaintiffs against the risk that disclosure of their identities might lead to their persecution by Guatemalan criminals. Plaintiffs' strongest protection is to prevent the disclosure of their identity from the inception of this litigation. *See id.*

## CONCLUSION

Each of the *Sealed Plaintiff* factors weighs in favor of granting Plaintiffs leave to proceed pseudonymously. For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Grant Plaintiffs leave to proceed pseudonymously;
2. Order Defendants not to publicly reveal the names or personally identifying information of Plaintiffs; and
3. Order all parties to submit pleadings, briefs, and evidence, with Plaintiffs' pseudonyms, in lieu of their real names or other personally identifying information.

Dated: December 12, 2022

Zachary Manfredi*
Bradley Jenkins*
Ming Tanigawa-Lau*
Cristina Moreno*
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S., #84810
New York, NY 10003-1502
(646) 937-0368
zachary.manfredi@asylumadvocacy.org
bradley.jenkins@asylumadvocacy.org
ming.tanigawa-lau@asylumadvocacy.org
cristina.moreno@asylumadvocacy.org

* *Motion for admission* pro hac vice *forthcoming*

Respectfully submitted,

Alex Spiro
Dennis Hranitzky
Zane Muller
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
alexspiro@quinnemanuel.com
dennishranitzky@quinnemanuel.com
zanemuller@quinnemanuel.com

*Attorneys for Plaintiffs*

9