

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East-7th Floor*
*Brooklyn, NY 11201*

**BY ECF**  April 3, 2023
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Leticia et ano v. United States of America</u>, Case No. 2:22-cv-7527 (NGG) (RML)

Dear Judge Garaufis:

Pursuant to Rule V(a)(2) of Your Honor's rules, Defendant United States respectfully requests a pre-motion conference for its proposed motion to transfer this action or, alternatively, to dismiss.[1]

## I. Relevant Background

Plaintiff Leticia[2] alleges that she is a Guatemalan national who, in November 2017, unlawfully entered the United States along with her then-minor son, Plaintiff Yovany. Plaintiffs were apprehended by U.S. Customs and Border Protection (CBP) and separated by CBP in Texas. CBP transferred Yovany to the Department of Health and Human Services' (HHS) Office of Refugee Resettlement (ORR), which placed him at a residential shelter in Arizona. Plaintiffs allege that Leticia was, during that time, detained in a facility run by a private contractor in Texas, and was placed in removal proceedings during which, in May 2018, she accepted removal to Guatemala; she left in June 2018. Plaintiffs allege that Leticia gave Yovany the option of returning to Guatemala with his mother, or staying in the United States; he chose the latter and was transferred to long-term foster care in Texas in August 2018.

Plaintiffs commenced this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA), alleging claims for intentional infliction of emotional distress (IIED), negligence, abuse of process, assault and battery, and conversion arising from the November 2017 decision to separate Leticia from Yovany in Texas. Notably, while Plaintiffs allege that they are now domiciled in this district,[3] they did not cross the border in this district, were not apprehended in this district, were not separated by CBP in this district, and were never detained or sheltered in this district by the government.

---

[1] Consistent with Rule V(a)(3) of the Court's Individual Rules, Defendant respectfully requests an extension of its time to respond to the complaint pending the establishment of a briefing schedule for the motion. Consistent with Rule V(A)(2)(b) of the Court's Individual Rules, Plaintiffs' counsel informed the undersigned that Plaintiffs do not consent to transfer venue.
[2] The parties have stipulated to the use of Plaintiffs' pseudonyms, "Leticia" and "Yovany," with the understanding that Defendant does not concede the allegations underlying the motion to proceed pseudonymously. *See* ECF No. 10.
[3] Leticia's removal order has been stayed and she has since returned to the United States and lives with Plaintiff Yovany in New York.

## II. Proposed Motion To Transfer On Venue Grounds

Transfer to the Western District of Texas is warranted under 28 U.S.C. § 1404(a). Courts generally consider if the action could have been brought in the proposed forum and, if so, whether the balance of convenience and justice favors transfer. *W.P.V. v. United States*, 2023 WL 1991426, at *3 (S.D.N.Y. Feb. 14, 2023). Plaintiffs allege that federal officers apprehended, detained, and separated them in Texas. Thus, this action could have been commenced there; in fact, the officers and agents who would likely be called as witnesses in this action are predominantly (if not entirely) based in Texas, and the tort law of Texas would likely apply to those acts. Indeed, a court in this Circuit recently transferred a similar case, where apprehension and separation occurred in Texas – notwithstanding that there, unlike here, the minor plaintiff had been later housed by ORR in New York – reasoning that "the operative events that involve the Government and trigger its potential liability under the FTCA predominantly, if not entirely, occurred in the Western District of Texas." *W.P.V.*, 2023 WL 1991426, at *6; *see also Barry v. United States*, 2022 WL 4467504, at *4-8 (S.D.N.Y. Sept. 26, 2022) (transferring FTCA matter to Texas where plaintiff crossed border and was detained there before being released to a relative in New York).

## III. Proposed Motion To Dismiss The Action On Multiple, Independent Grounds

### A. Independent Contractor Doctrine Bars Claims As To Conduct At Private Facilities

To the extent Plaintiffs' claims arise from alleged conduct at the privately owned and operated facilities where Plaintiffs were housed in Texas and Arizona following their separation,[4] dismissal is warranted. The FTCA does not waive sovereign immunity for torts committed by an independent contractor, which assessment relies on the Government's ability to "control the detailed physical performance of the contractor" and supervise the day-to-day operations of the contractor. 28 U.S.C. § 2671; *United States v. Orleans*, 425 U.S. 807, 813-15 (1976). Plaintiffs do not allege that the Government exercised day-to-day control or supervision over either facility. The independent contractor doctrine bars this suit insofar as it is predicated on allegedly tortious conduct by independent contractors after Plaintiffs' separation. *Korotkova v. U.S.*, 990 F. Supp. 2d 324, 327-29 (E.D.N.Y. 2014); *Yesina v. U.S.*, 911 F. Supp. 2d 217, 221-22 (E.D.N.Y. 2012).

### B. The Lack of Private Analogue Bars This Suit

To the extent that the independent contractor doctrine is inapplicable, the lack of a private analogue still bars suit. The FTCA's limited waiver of sovereign immunity only applies if a private person would be liable to Plaintiffs under Texas law for the alleged tortious conduct. 28 U.S.C. §§ 1346(b)(1), 2674; *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016). There is no private analogue under Texas law to the Government's responsibility for initiating removal proceedings against an individual unlawfully present and effectuating related detention. *See Lopez-Flores v. Ibarra,* 2018 WL 6577955, at *4 (S.D. Tex. Mar. 12, 2018) (no private analogue under Texas law for alleged abuse of process tied to removal proceedings). Also, Texas law does not recognize a legal duty to prevent separation, such that the separation here would not give rise to an analogous private negligence claim under Texas law. *S.E.B.M. by & through Felipe v. United States*, 2023 WL 2383784, at *9, n.7 (D.N.M. Mar. 6, 2023).

---

[4] Alleged to be the West Texas Detention Facility (with respect to Leticia) and the Southwest Key Programs Casa Kokopelli (with respect to Yovany).

### C. The Discretionary Function Exception Bars This Suit

The FTCA's "discretionary function exception" (DFE) at 28 U.S.C. § 2680(a) bars this suit. The DFE applies when: (i) the alleged wrongful acts involve an element of judgment or choice and are not compelled by statute or regulation; and (ii) the judgment or choice in question is *susceptible* to policy analysis (regardless of the subjective intent in exercising that discretion in a specific case). *United States v. Gaubert*, 499 U.S. 315, 322-25 (1991). The purpose is "to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Clayton v. U.S.*, 2019 WL 9283977, at *15 (E.D.N.Y. Aug. 1, 2019), *R&R adopted*, 2020 WL 1545542 (E.D.N.Y. Mar. 31, 2020).

The DFE precludes Plaintiffs' challenge to the Government's decision to prosecute Leticia for illegal entry, as well as the decision to detain Leticia rather than releasing her (in turn requiring Yovany's transfer to ORR). The DFE shields prioritizing enforcement of federal immigration law and decisions as to whom to arrest. *See S.E.B.M.*, 2023 WL 2383784, *14 (DFE precluded claims based on decision to charge, prosecute, and detain father for unlawful entry, which in turn resulted in child being designated an unaccompanied minor, reasoning that "the decision to prosecute is perhaps the prototypical discretionary function the exception is intended to protect from liability").[5] Likewise, the DFE bars claims challenging ORR's safe placement of Yovany, or the timing of his release. The Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA) defines an "unaccompanied alien child" (UAC), in relevant part, as one who has "no parent or legal guardian in the United States [that] is available to provide care and physical custody," 6 U.S.C. § 279(g)(2), and while this UAC designation triggers statutory requirements to ensure the child's well-being, the statute leaves room as to *how* the Government should ensure the child's well-being. *See* 6 U.S.C. § 279(b)(1)(C) (ORR "mak[es] placement determinations for all unaccompanied alien children who are in Federal custody by reason of their immigration status" but not specifying the manner); 8 U.S.C. § 1232(c)(3)(A) (prohibiting release of UAC to a custodian unless HHS makes a suitability determination); *Lucas R. v. Becerra*, 2022 WL 2177454, at *24 (C.D. Cal. Mar. 11, 2022) (TVPRA "provides broad discretion to HHS to make release decisions"); *cf. Fazi v. U.S.*, 935 F.2d 535, 538 (2d Cir. 1991) (DFE bars "claims based on day-to-day management decisions if those decisions require judgment as to which of a range of permissible courses is the wisest").[6]

### D. Plaintiffs Have Otherwise Failed To State A Viable Claim

Plaintiffs fail to state any claim under Texas law. Plaintiffs fail to state a negligence claim because they have failed to plausibly allege bodily harm, distinct from mental anguish, that resulted from an alleged breach of duty by federal officials. *Aguilar v. U.S.*, 2017 WL 6034652, at *3 (S.D. Tex. June 7, 2017). Also, as noted above, Texas law does not recognize a legal duty—"a threshold to liability" for negligence—to prevent separation. *S.E.B.M.*, 2023 WL 2383784, at *9, n.7. Nor can Plaintiffs state a claim for abuse of process: the use of process for its intended purpose

---

[5] *See also Peña Arita v. United States*, 470 F. Supp. 3d 663, 686–87 (S.D. Tex. 2020) (whether to prosecute and the priority of prosecutorial decisions are "obviously grounded in considerations of public policy" and "intended to be shielded by the discretionary function exception"); *accord Nielsen v. Preap*, 139 S. Ct. 954, 959 (2019) ("The second sentence [of 8 U.S.C. § 1226(a)] generally gives…discretion either to detain the alien or to release him….").

[6] To the extent Plaintiffs contend that the Government is liable for transferring Yovany to ORR custody, the "due care" exception, 28 U.S.C. § 2680(a), which "bars tests by tort action of the legality of statutes and regulations," bars suit. *Dalehite v. United States*, 346 U.S. 15, 33 (1953); *Clayton*, 2019 WL 9283977, at *5 n.22. The TVPRA required CBP to treat Yovany as a UAC, requiring transfer to ORR custody once CBP made its discretionary decision to refer Leticia for prosecution and to detain her. *S.E.B.M.*, 2023 WL 2383784, at *16 (due care exception applied to UAC determination predicated on father's detention).

does not constitute an abuse of process, even if an ulterior motive is alleged. *Roe v. U.S.*, 839 F. App'x 836, 846-47 (5th Cir. 2020). Allegations that Plaintiffs were detained in cold temperatures or otherwise inhospitable conditions—even if not barred by the independent contractor doctrine—fail to give rise to either "apprehension of imminent bodily contact" or "actually sustaining" such contact required for assault and battery respectively under Texas law. *Aguilar*, 2017 WL 6034652, at *5 (dismissing assault and battery claims arising from detention conditions, including cold temperatures). Finally, IIED cannot lie under Texas law, as Plaintiffs assert traditional torts: "IIED was intended to be a gap-filler tort, judicially created for the limited purpose of allowing recovery…[where] the victim has no other recognized theory of redress." *Roe*, 839 F. App'x at 847 (citation omitted) (cleaned up).[7]

Thank you for Your Honor's consideration of this request for a pre-motion conference.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  /s/ *Kimberly A. Francis*
Kimberly A. Francis
Christopher D. Volpe
Melanie Speight
Assistant U.S. Attorneys
718-254-6147/6188/7509
kimberly.francis@usdoj.gov
christopher.volpe@usdoj.gov
melanie.speight@usdoj.gov

cc:   All Counsel of Record (by ECF)

---

[7] Irrespective of Texas's substantive law, Plaintiffs' conversion claim—based on Plaintiff Leticia's alleged loss of personal property in connection with her detention—is barred for lack of subject matter jurisdiction, 28 U.S.C. § 2680(c); *see also Ford v. U.S.*, 85 F. Supp. 3d 667, 670-71 (E.D.N.Y. 2015).