**BY ECF**                                                          April 24, 2023
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Leticia et ano v. United States of America</u>, Case No. 2:22-cv-7527 (NGG) (RML)

Dear Judge Garaufis:

Pursuant to Rule V(a)(2) of Your Honor's rules, Plaintiffs Leticia and Yovany respectfully submit this letter in response to Defendant United States' request for a pre-motion conference for its proposed motion to transfer this action or, alternatively, motion to dismiss.

## I. Relevant Background

Plaintiffs Leticia and her then-fifteen-year-old son, Yovany (together, the "Plaintiffs"), came to the United States as asylum seekers in search of safety. Instead of providing Plaintiffs refuge, federal agents detained and forcibly separated Plaintiffs without warning or explanation. Leticia and Yovany were separated for 792 days—over two years—during which time they were detained in inhumane conditions and denied adequate medical care, Yovany was placed in foster care, and Leticia was unlawfully deported. *See generally* ECF No. 1.

As a result of Defendant's unlawful, tortious conduct, Leticia and Yovany commenced this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, alleging claims for intentional infliction of emotional distress (IIED), negligence, abuse of process, assault and battery, and conversion.

## II. Proposed Motion to Transfer on Venue Grounds

Plaintiffs will oppose the Government's forthcoming Motion to Transfer on venue grounds. "[T]he [P]laintiffs' choice of forum should not be disturbed unless the balance of factors tips decidedly in favor of a transfer." *5381 Partners LLC v. Shareasale.com, Inc.,* No. 12-CV-4263 JFB AKT, 2013 WL 5328324, at *3 (E.D.N.Y. Sept. 23, 2013) (internal quotations omitted). The Government cannot meet this hefty burden. Venue is proper as Leticia and Yovany reside in the Eastern District of New York, *see* 28 U.S.C. §§ 1391(e)(1), 1402(b), and Plaintiffs' forum preference, the interests of justice, the parties' relative means, and the convenience of the parties and witnesses all favor keeping this matter in this District, *see, e.g.*, *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 29 (E.D.N.Y. 2014) (listing factors courts weigh in deciding whether transfer is appropriate).

### III. Proposed Motion to Dismiss The Action

None of the bases the Government has identified warrants dismissal of this action. Plaintiffs will respond in detail to each of the Government's purported bases for dismissal in their opposition to the Government's forthcoming Motion to Dismiss, but offer a brief response to the Government's arguments below.

First, that Plaintiffs were detained in privately operated facilities does not shield the Government from liability—the Government is liable for an independent contractor's tortious conduct if it "control[s] the physical contractor in performance of the contract," *Logue v. United States*, 412 U.S. 521, 527 (1973), or if, as Plaintiffs allege, the Government's forcibly separating Plaintiffs was a direct and proximate cause of the harms they suffered while detained in private facilities, *A.F.P. v. United States*, No. 1:21-CV-00780-DAD-EPG, 2022 WL 2704570, at *18 (E.D. Cal. July 12, 2022). Second, contrary to the Government's assertions, Plaintiffs do not challenge the Government's authority to effectuate criminal and immigration laws; rather, the tortious conduct underlying Plaintiffs' claims occurred when the Government forcibly separated Leticia and Yovany, among other things. Because a private individual could be liable for such harms, so too can the Government. *See, e.g.*, *D.J.C.V. v. United States*, 605 F. Supp. 3d 571, 598–600 (S.D.N.Y. 2022); *A.E.S.E. v. United States*, No. 21-CV-0569 RB-GBW, 2022 WL 4289930, at *14 (D.N.M. Sept. 16, 2022). Third, the discretionary function exception ("DFE") does not bar this case because the United States Constitution, the *Flores* consent decree, and other federal regulations prohibit the Government's alleged conduct, including its forcible separation of Leticia and Yovany. *See, e.g.*, *D.A. v. United States*, 22-CV-00295-FM, 2023 WL 2619167, at *7–*10 (W.D. Tex. Mar. 23, 2023) (DFE does not apply because Government's separation of plaintiffs violated their constitutional rights). Fourth, Plaintiffs' complaint contains more than sufficient facts to state claims for IIED, negligence, abuse of process, assault and battery, and conversion under Texas law. Moreover, Plaintiffs reserve the right to amend their Complaint to allege additional facts supporting their claims.

***

Thank you for Your Honor's attention to Plaintiffs' positions on the issues raised in Defendant's request for a pre-motion conference.

Respectfully Submitted,

_/s/ Dennis Hranitzky_____

cc: All Counsel of Record (by ECF)