quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7302**

WRITER'S EMAIL ADDRESS
zanemuller@quinnemanuel.com

February 5, 2024

VIA ECF

Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Leticia and Yovany v. United States, No. 1:22-cv-07527-NGG-RML (E.D.N.Y)

Dear Magistrate Judge Levy,

We represent the Plaintiffs in the above-referenced action and we write to request that Your Honor set a discovery schedule so that the case may proceed alongside mediation. As we noted at last Wednesday's conference with Your Honor, we believe that discovery in this case should proceed in parallel with mediation, given our concerns regarding the government's pattern of dilatory behavior. Plaintiffs commenced this action in December 2022. The parties completed briefing on Defendants' motion to transfer, or in the alternative, dismiss the Complaint on August 21, 2023. That motion was decided on October 27, 2023. On December 18, 2023, in the interest of advancing the case, we then sent the Government a proposed discovery schedule, to which the Government has not yet responded. Instead, the Government sought a sixty-day extension, to January 12, 2024, to answer the Complaint. It is now February 2024, well over a year since Plaintiffs filed the Complaint, and discovery has yet to begin.

While the Government has claimed that it "wishes to engage in a serious attempt to resolve this action," *see* Dkt. No. 44, at 2, that should be no obstacle to commencing discovery in parallel. During last Wednesday's conference with Your Honor, the Government suggested that separate tracks would encourage genuine efforts to reach an agreement. However, we note that the Government has already asked for no fewer than five deadline extensions already in this case (in some cases, for repeat extensions), and that during Plaintiffs' preliminary settlement conversation (which the Government initiated), the Government not only refused to submit an opening settlement offer, but also refused even to commit to making any commitments whatsoever – let alone a counteroffer – in response to Plaintiffs' offer to issue a settlement demand lower than the

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

amount for which they submitted their administrative claim. Based on our interactions with the Government to date, Plaintiffs believe that the prospect of discovery deadlines and trial will serve to focus the Government's efforts on reaching a resolution that Plaintiffs could accept.

The Government has already conducted significant factual investigation in this case, as evidenced by the three witness declarations it submitted in support of its motion to dismiss or transfer. Further, in similar family separation cases, the Government has produced a set of common discovery (relating to policy decisions underpinning separation) that should be minimally burdensome for the Government to produce in this case. For these reasons, we believe that a drawn-out discovery schedule is unwarranted and would serve to unfairly disadvantage Plaintiffs.

Accordingly, Plaintiffs respectfully request that the Court order that discovery and mediation proceed in parallel, and that the Court order that fact discovery be completed by May 31, 2024, and expert discovery be completed by September 13, 2024.

Respectfully submitted,

*/s/ Zane Muller*

Zane Muller

cc: Counsel of Record