**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7302**

WRITER'S EMAIL ADDRESS
**zanemuller@quinnemanuel.com**

February 23, 2024

**VIA ECF**

Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Leticia and Yovany v. United States, No. 1:22-cv-07527-NGG-RML (E.D.N.Y)

Dear Magistrate Judge Levy,

We represent the Plaintiffs in the above-referenced action and we write to respond to the Government's Letter of February 20, 2022 (Dkt. No. 52). In accordance with the Court's order that the parties devise a mutually acceptable, expedited discovery schedule (Dkt. No. 53), Plaintiffs offered to meet and confer with the Government regarding the schedule. The Parties conferred yesterday, February 22, after which Plaintiffs offered to agree to extend the fact and expert discovery deadlines each by one month, to July 1, 2024 and October 14, 2024, respectively. The Government notified Plaintiffs that it would consider that proposal but has not responded as of this filing.

During the parties' conferral, the Government stated that it "realistically" would need a dramatic extension of discovery deadlines to obtain information from its clients similar to what it has produced in several other family separation cases. Counsel for the Government present on the call represented that their progress would be delayed by having to navigate "levels of approval" within the Department of Justice, appealing to "professional courtesy" as a reason Plaintiffs should accede to its repeated extension requests. But the Government also acknowledged during that conversation that 1) it had already commenced discovery investigations and been in contact with the key stakeholders at client agencies; 2) that no circumstances had changed with respect to the scope or requirements of discovery that the Government anticipated since the case was filed over fourteen months ago, let alone since it filed its Answer; and 3) stunningly, that even in the event Plaintiffs agreed to a significant extension of the deadlines, it would likely ask for more extensions in the future.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

As such, Plaintiffs believe any extension beyond the compromise dates it offered to the Government is unwarranted and would cause further prejudice. The Government is simply wrong to assert that Plaintiffs violated any Court rules by formalizing their request that the Court proceed with discovery in parallel to mediation and set a discovery schedule (*See* Dkt. No. 52 at 1). Plaintiffs proposed a discovery schedule to the Government in December 2023 and offered to meet and confer regarding the same shortly after Judge Garaufis's ruling on the Motion to Dismiss. The Government simply ignored Plaintiffs' overture. Plaintiffs again raised this issue at the January 31, 2024 status conference, during which the Government stated that it opposed discovery in parallel. The Government allowed ten days to pass with no response to Plaintiffs' February 5, 2024 Letter (Dkt. No. 50) reiterating the request Plaintiffs made at the status conference. The Government has chosen to engage on this subject only *after* it has received a ruling it considers adverse.

Likewise, the Government's claim that Plaintiffs have failed to make a settlement demand is a misstatement of the record: after the Government initiated settlement conversations, and Plaintiffs stated their $8 million demand, the Government responded not with a counteroffer but instead with a demand that Plaintiffs bid against themselves, without even the assurance that the Government would respond to a lower demand with any counteroffer whatsoever.

The Government's February 20, 2024 Letter represents the *sixth* extension request it has sought in this case—this time, unilaterally asking for a nearly year-long extension to the discovery schedule, despite identifying no new or extenuating circumstance that could justify such a delay. At this point, the Government's strategic delay is unmistakable, and in keeping with the approach it has taken in other family separation cases: to leverage the economic circumstances of indigent Plaintiffs against them in order to extract favorable settlements well below what the claims are worth. The Government effectively admitted during the Parties' meet-and-confer that the reason it has refused to make a settlement counteroffer to this point was that it was waiting until Plaintiffs themselves were present, presumably to give Plaintiffs the impression that the Government's offer would be a "now or never" proposition. This approach is especially pernicious here, where the Government knows that Leticia suffers from a life-threatening health condition.

Plaintiffs look forward to the upcoming mediation conference and stand ready to accept a reasonable offer of settlement. But in the absence of a settlement, Plaintiffs believe that the Parties should adhere to an expedited discovery schedule.

Respectfully submitted,

*/s/ Zane Muller*

Zane Muller

cc:     Counsel of Record (via ECF)