quinn emanuel trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121-6950 | TEL (801) 515-7300 FAX (801) 515-7400

WRITER'S DIRECT DIAL NO.
**(801) 515-7333**

WRITER'S EMAIL ADDRESS
**dennishranitzky@quinnemanuel.com**

September 3, 2024

<u>VIA ECF</u>

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Fax No. (718) 613-2345

Re: <u>*Leticia and Yovany v. United States*</u>, No. 1:22-cv-07527-NGG-RML (E.D.N.Y.)

Dear Magistrate Judge Levy:

We write as counsel to Plaintiffs Leticia and Yovany in response to the Defendant's August 29, 2024 letter motion at Dkt. No. 71 ("Letter Motion") requesting a 45-day extension of the deadline to provide ESI discovery and a "concomitant extension of the remaining deadlines in the scheduling order" (Letter Motion at 4) to provide the Court with additional information to assist it in determining the appropriate extension at the upcoming status conference.

We respectfully disagree with Defendant's counsel's assertion that both parties have made "significant progress on discovery." Letter Motion at 2. Defendant has inexcusably delayed in reaching agreement with Plaintiffs on ESI search terms and completing ESI production by the August 30 deadline. A 45-day ESI discovery extension will serve no purpose other than to give Defendant further leeway to delay document discovery and deprive Plaintiffs of access to documents when they commence deposition discovery later this month.

*First*, Defendant's counsel credits itself with making "significant progress on discovery" and for "producing over 50,000 documents" of common discovery. Letter Motion at 2. But, as noted in the Letter Motion, these documents—which constitute more than three-fifths of the documents Defendant has produced to date—were initially produced in other family separation litigation, and in fact, Defendant's counsel has represented on multiple occasions that it had no involvement in reviewing those documents. Thus, Defendant's counsel's suggestion that it exerted tremendous efforts to produce this common discovery is plainly wrong.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

*Second*, similarly flawed is Defendant's assertion that certain discovery disputes, namely over the deliberative process privilege ("DPP") and former Department of Homeland Security Secretary John Kelly's deposition, have diverted Defendant's counsel's time and resources, thus "delaying progress on other discovery." Letter Motion at 3. But Defendant has the timeline wrong—these disputes have had no bearing on Defendant's ability, or inability, to meet the Court's ESI discovery deadline. For example, although Defendant details the Parties' meet-and-confers to "painstakingly" review 131 unique documents over which Plaintiffs challenged Defendant's DPP claims, Plaintiffs sent Defendant this list of 131 documents on August 2—***more than three months after*** Plaintiffs served their RFPs, and less than one month before the deadline for ESI discovery production. Additionally, Defendant did not file its Motion to Quash the deposition of former Secretary Kelly until July 11—***10 weeks after*** Plaintiffs had served their RFPs. In other words, Defendant had sufficient time before these other disputes even arose to attend to Plaintiffs' discovery requests.

*Third*, in stating that the Parties did not reach agreement on custodians and search terms until July 31, 2024, *see* Letter Motion at 2, Defendant misleadingly implies that Plaintiffs caused the delay. As a point of clarification, the Parties have reached agreement on search terms and custodians ***only*** with respect to Plaintiffs' RFP No. 1—which requests all information in Defendant's custody concerning Plaintiffs—and only ***after Plaintiffs*** proposed search terms. Plaintiffs are still awaiting the production of documents responsive to several remaining RFPs.

Finally, Defendant claims that an extension is justified because its "receipt of necessary discovery from Plaintiffs has been delayed." Letter Motion at 2-3. It is unclear how any purported delay by Plaintiffs in providing release authorization forms for their medical and employment records has any bearing on Defendant's ability to provide ESI discovery. Nevertheless, Defendant has now been provided with all authorization forms to which it is entitled.

Defendant has stonewalled at numerous points throughout this litigation and waited until the last minute to seek to collect documents responsive to Plaintiffs' discovery requests from the various agencies in possession of such documents. And even under Defendant's estimate that it required between 12 and 18 weeks to produce responsive, non-privileged documents, *see* Letter Motion at 2, Defendant is seeking an extension of almost six weeks ***beyond*** that already generous timeline.

Plaintiffs respectfully request that Your Honor impose no more than a three-week extension limited to the deadlines to complete ESI discovery (August 30) and fact discovery (October 18), and that the other deadlines in the case management order remain in place. If Your Honor is inclined to grant the 45-day extension requested by Defendant, we ask that no dates be extended beyond the October 16, 2024 deadline for Plaintiffs' expert disclosures. The current deadline for Defendant's expert disclosures is January 10, 2025, and the date for the completion of expert discovery is March 3, 2025. If a 45-day extension is granted, Plaintiffs' expert reports will be due on November 30, 2024, which is sufficiently in advance of Defendant's current expert disclosure deadline of January 10, 2025, such that this and subsequent deadlines need not be adjusted.

We are prepared to further discuss with Your Honor during the September 9 status conference.

Very truly yours,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Dennis Hranitzky

cc: Counsel of Record